QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Gary E. Gans (Bar No. 89537)
  garygans@quinnemanuel.com
  John S. Purcell (Bar No. 158969)
  johnpurcell@quinnemanuel.com
  Viola Trebicka (Bar No. 269526)
  violatrebicka@quinnemanuel.com
  Ryan Q. Keech (Bar No. 280306)
  ryankeech@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Defendant ARRI Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BAND PRO FILM & DIGITAL, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ARRI INC., a Delaware corporation, and MICHAEL BRAVIN, an individual,<br><br>Defendants. | CASE NO. CV-12-03226-CJC (ANx)<br><br>**DECLARATION OF VIOLA TREBICKA IN SUPPORT OF DEFENDANT ARRI INC.'S MOTION TO ENFORCE THE COURT'S MAY 8, 2013 ORDER AND FOR SANCTIONS**<br><br>Date:   July 25, 2013<br>Time:   10:00 a.m.<br>Crtrm.: 6B<br><br>Discovery Cut-Off: November 22, 2013<br>Pretrial Conference: February 24, 2014<br>Trial Date: March 4, 2014 |

Case No. CV-12-03226-CJC (ANx)
DECLARATION OF VIOLA TREBICKA

## DECLARATION OF VIOLA TREBICKA

I, Viola Trebicka, declare as follows:

1. I am a member of the bar of the State of California and an associate with Quinn Emanuel Urquhart & Sullivan LLP, attorneys for defendant ARRI Inc. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. Attached hereto as Exhibit A is a true and correct copy of ARRI's First Set of Interrogatories, served on February 6, 2013.

3. Attached hereto as Exhibit B is a true and correct copy of Band Pro's Responses to ARRI's First Set of Interrogatories, served on March 8, 2013.

4. Attached hereto as Exhibit C is a true and correct copy of Band Pro's Second Amended Responses to ARRI's First Set of Interrogatories, served on May 17, 2013. These answers contained qualified most of the substantive responses and provided evasive and incomplete answers to many of the interrogatories. These answers were also unverified.

5. Attached hereto as Exhibit D is a true and correct copy of Band Pro's Third Amended Responses to ARRI's First Set of Interrogatories, served on May 31, 2013.

6. Attached hereto as Exhibit E is a true and correct copy of Band Pro's Fourth Amended Responses to ARRI's First Set of Interrogatories, served on June 18, 2013.

7. ARRI had to spend time and money filing motions to compel Band Pro to comply with discovery and the Court's Order. It has been prejudiced in discovery and trial preparation because, *inter alia*, ARRI has been forced to cancel Band Pro's Rule 30(b)(6) deposition and cannot take meaningful depositions until it has been provided with complete answers to its interrogatories, particularly Interrogatory Nos. 8 and 9. Meaningful trial preparation has been delayed because,

*inter alia*, ARRI does not have the information concerning what alleged trade secret information Band Pro claims ARRI actually received and used.

8.  Attached hereto as Exhibit F is a true and correct copy of meet and confer correspondence sent from me to counsel for Band Pro on May 24, 2013.

9.  Attached hereto as Exhibit G is a true and correct copy of meet and confer correspondence sent from counsel for Band Pro to me on May 28, 2013.

10. Attached hereto as Exhibit H is a true and correct copy of meet and confer correspondence sent from counsel for ARRI to counsel for Band Pro on May 30, 2013.

11. Attached hereto as Exhibit I is a true and correct copy of meet and confer correspondence sent from counsel for Band Pro to counsel for ARRI on May 30, 2013.

12. Attached hereto as Exhibit J is a true and correct copy of meet and confer correspondence sent from me to counsel for Band Pro on May 31, 2013.

13. Attached hereto as Exhibit K is a true and correct copy of meet and confer correspondence sent from counsel for Band Pro to me on June 4, 2013.

14. Attached hereto as Exhibit L is a true and correct copy of meet and confer correspondence sent from me to counsel for Band Pro on June 7, 2013.

15. Attached hereto as Exhibit M is a true and correct copy of meet and confer correspondence sent from counsel for Band Pro to me on June 10, 2013.

16. Attached hereto as Exhibit N is a true and correct copy of meet and confer correspondence sent from me to counsel for Band Pro on June 10, 2013.

17. Attached hereto as Exhibit O is a true and correct copy of an excerpt of ARRI's website, which is available to the public and was last accessed on April 16, 2013.

18. On April 4, 2013, Band Pro took the deposition of Defendant Michael Bravin. A true and correct copy of relevant excerpts of the rough transcript of that deposition is attached hereto as Exhibit P.

19. On September 22, 2011, a plea agreement was filed in case number CR-11-00807, *United States v. Bravin*. A true and correct copy of that plea agreement is attached hereto as Exhibit Q.

20. Attached hereto as Exhibit R is a true and correct copy of an expert report served on the parties to this action by counsel for Band Pro on May 23, 2013.

21. Attached hereto as Exhibit S is a true and correct copy of the scheduling order in this action.

22. In its Second Amended Answers to Interrogatories 8 and 9 (after the May 8 Order), Band Pro listed Bates numbers for thousands of documents. Many of these documents could not possibly have been accessed by Bravin because they were dated after July 7, 2010, after Band Pro alleges it changed the password to Amnon Band's email account.

23. Other documents identified in Band Pro's Second Amended Answers to Interrogatories 8 and 9 included (i) ARRI's price lists for motion picture camera lenses; (ii) letters from third parties to the government in response to subpoenas in Bravin's criminal investigation; (iii) personal emails from Bravin to Band after Bravin left Band Pro; and (iv) a press release. True and correct copies of representative examples of these documents, Bates labeled BANDPRO 204-08, 258-59, 272, 526-27, and 646, are attached hereto as Exhibit T.

24. Attached hereto as Exhibit U are a true and correct copies of documents found in Band Pro's production Bates labeled BANDPRO 2249, 2308, 2733, 2991, 3022, and 3101.

25. Attached hereto as Exhibit V are true and correct copies of documents found in Band Pro's production Bates labeled BANDPRO 1657, 2244, 2374, 2554-7, 3197, and 3535.

1  26. Attached hereto as Exhibit W are true and correct copies of
2  documents found in Band Pro's production Bates labeled BANDPRO 1973, 4839,
3  4842, 7166, 7182, 7343, 7348, 7350, 9051, and 9722.
4  27. Attached hereto as Exhibit X are true and correct copies of
5  documents found in Band Pro's production Bates labeled BAND PRO 1948, 2111,
6  2844, 3136, 4179, 2103, 2104, 2107, and 2683.
7  28. Attached hereto as Exhibit Y are true and correct copies of
8  documents found in Band Pro's production Bates labeled BAND PRO 1817, 2116,
9  2368, 2781, 3359, 3377 and 3556.
10 29. Attached hereto as Exhibit Z is a true and correct copy of the
11 document found in Band Pro's production Bates labeled BAND PRO 2008.
12 30. Attached hereto as Exhibit AA are true and correct copies of
13 documents found in Band Pro's production Bates labeled BAND PRO 3090 and
14 3094.
15 I declare under penalty of perjury under the laws of the United States of
16 America that the foregoing is true and correct.
17 Executed July 25, 2013, at Los Angeles, California.

_____
Viola Trebicka